CITY OF AKRON *v.* SERRA.

(No. 420830—Decided March 22, 1974.)

Akron Municipal Court.

*Mr. William P. Michaels,* assistant prosecutor, for plaintiff.
*Mr. Howard M. Allison,* for defendant.

COLOPY, J.   Defendant Louis Michael Serra was arrested February 19, 1974 at Children's Hospital, and charged with a violation of Section 648.04(a)(2) of the Criminal Code of the city of Akron, to wit: "recklessly causing inconvenience or alarm to another by making offensively coarse utterances."

On March 2nd, 1974, defendant filed a motion to dismiss this action alleging that the ordinance under which the defendant is charged is unconstitutional.   A ruling on the motion was held in abeyance while the trial on the merits, by agreement of the parties, was permitted to proceed. Testimony of witnesses, extensive cross-examination and arguments of attorneys were presented.   Both parties submitted briefs on the motion.

This ordinance is a word-for-word duplicate of R. C.

2917.11(a)(2) enacted January 1, 1974 as part of Ohio's new Criminal Code. Defendant contends that the ordinance is on its face overbroad; that it sweeps within its prohibition utterances which are protected by the First Amendment to the U. S. Constitution as applied to the states by the Fourteenth Amendment, as well as that speech which is not so protected.

The keywords of the ordinance in question are: "offensively coarse utterances." Webster's Dictionary defines "coarse," when applied to language, as that which is offensive to a person of good taste or moral principles. Therefore, lacking any Ohio court interpretation limiting this definition, that utterance which is offensive to a person of good taste and moral principles is a punishable offense when made to any person and done recklessly.

Certain words by their very utterance do inflict injury and tend to incite an immediate breach of the peace. These utterances, known as "fighting words," are not protected and any law proscribing them alone is clearly constitutional. *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568.

The question before the Court today centers on the next consideration: Whether speech other than "fighting words" might possibly be included in the language proscribed by Ordinance 648.04(a)(2), and if so, would this possible inclusion void the ordinance on its face.

This court was not presented with any Ohio court definition of *coarse utterance* limiting it to "fighting words," nor was the court able to find such interpretation by its own limited research. It is the conclusion of this court that in certain fact situations an utterance could be made which would not immediately cause a breach of the peace or inflict injury and yet would still be offensive to a person of moral principles and good taste. A law-abiding person may well refrain from exercising his First Amendment rights under threat of this ordinance for fear of a penalty being applied for expression actually protected. In addition to this, the same words may or may not be "fighting words" in different surroundings of time and place. All of these "ifs" place an unconscionable burden on one who

wants to abide by the law but yet feels free to utter certain coarse words. It leaves open a complete gamut of possible harassment arrests.

The city prosecutor argues that although this ordinance might be unconstitutional in certain possible factual situations, as applied to this case before the court today, it is clearly constitutional; that "fighting words" were actually used, that these words were offensive to persons of good taste and moral principles, and that they were recklessly uttered.

Assuming that the court would make these findings alleged by the prosecutor, it would be immaterial as to the issue covered by defendant's motion. See *Gooding* v. *Wilson* (1972), 405 U. S. 518 at 525.

The United States Supreme Court has in recent years struck down various state statutes similar to this ordinance on the basis of the *First Amendment overbreadth doctrine.* 83 Harv. L. Rev. 844 (1970); *Lewis* v. *New Orleans* (February 20, 1974, No. 72-6156), 14 Crim. L. Rep. 3097.

Although this court would have decided otherwise had this been a case of first impression, the current case law as stated by the U. S. Supreme Court indicates that an ordinance similar to the one in question is unconstitutional for the reasons indicated. Justice Blackmun in his dissent to the application of the overbreadth doctrine states as follows: "* * * The result is that we are not merely applying constitutional limitations, as was intended by the Framers, and indeed, as the history of our constitutional adjudication indicates, but are invalidating state statutes in wholesale lots because they 'conceivably might apply to others who might utter other words' *Gooding* v. *Wilson, supra,* 405 U. S., at 535 (dissenting opinion)." *Lewis* v. *New Orleans, supra,* at 3100.

*Motion sustained.*