The State of Ohio *v*. Hartsing.

(No. 44282—Decided January 29, 1975.)

2

Mr. Paul W. Allison, city prosecutor, for plaintiff.
Ms. Barbara L. Marley, for defendant.

PEPPLER, J. The defendant is charged with a violation of R. C. 2917.11(A)(2). The complaint alleges that, on October 10, 1974, the defendant "did unlawfully and recklessly cause inconvenience, annoyance and alarm to one Edna Jackson by communicating unwarranted, grossly abusive and obscene language to Edna Jackson * * *." There follows in the complaint some specific words allegedly used by the defendant in the commission of the offense charged.

The defendant has moved the court for an order dismissing the complaint, claiming that the portion of the statute forming the basis of the complaint, R. C. 2917.11 (A)(2), is facially unconstitutional in that it is "overbroad and vague," and thus impinges free speech as protected by the First and Fourteenth Amendments.

R. C. 2917.11(A)(2) reads:

"(A) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

"* * *

"2. Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person * * *."

This court agrees that the statute on its face is unconstitutional in light of United States Supreme Court decisions holding that utterances, if they are to be proscribed by law, must be confined to "fighting words." Lewis v. New Orleans (1974), 415 U. S. 130; Gooding v. Wilson (1972), 405 U. S. 518; Chaplinsky v. New Hamphsire (1942), 315 U. S. 568.

Only recently the Akron Municipal Court held unconstitutional, for this very reason, an Akron city ordinance patterned after R. C. 2917.11(A)(2): Akron v. Serra (1974),

40 Ohio Misc. 14. Although not binding on this court, the *Serra* decision is certainly persuasive.

The state argues that R. C. 2917.11(A)(2) can only reasonably be interpreted as punishing "fighting words," that the statute's social value outweighs any possible inhibition it may exert on free speech, and that in any event holding such a statute unconstitutional as being overbroad and vague displays an undue lack of confidence in our courts. The courts, the state argues, can protect freedom of speech by factually determining whether or not the words actually used in a particular case are "fighting words."

Like our brother in Akron, this court has not been cited to, nor has it found any Ohio statutes or decisions differentiating "fighting words" from other non-fighting but otherwise "offensively coarse" or "unwarranted and grossly abusive" words. The ordinary dictionary definitions of "offensive," "coarse," "unwarranted," "gross" and "abusive" certainly cover much less innocuous language than that which by it's very utterance tends to incite an immediate breach of the peace. *Gooding* v. *Wilson*, *supra*. "Coarse," for example, is defined as lacking in refinement, vulgar, indelicate, crude, while "gross" means insensitive, dull, obscene or rude, and "abusive" means coarse, insulting, scurrilous or harshly scolding. That pretty well sums up much of the political oratory heard past and present.

Thus, the statute, absent statute or decision advising the citizen which words he is to avoid, sweeps within it ordinary political expression and could be used to repress free speech by unscrupulous authorities willing to ignore this most basic right of free citizens in the pursuit of their own objectives.

The social value or social utility of the statute as worded is lost on this court, if, to curb the common scold or shrew, it is also necessary to leave open an avenue for repression of free speech. Better the scold than the censor. Let the Legislature refine the statute to conform to the First Amendment.

The state's argument that the court ought to decide,

after arrest, whether the words uttered are constitutionally permissible does not square with the Supreme Court's view of the matter. The issue in a case such as this is whether the statute is constitutional and not whether the particular words would have been proscribed had the statute been drawn with the required specificity. *Gooding* v. *Wilson, supra.* It is immaterial whether defendant's words really were "fighting words" if the statute under which the complaint was brought is facially unconstitutional.

*Motion to dismiss granted.*