City of Kettering, Appellee, *v.* Sonstegard, Appellant.

[Cite as Kettering v. Sonstegard (1977),
53 Ohio App. 2d 334.]

(No. 5292—Decided March 31, 1977.)

*Mr. John T. Shanks* and *Mr. Richard S. Sutton*, for appellant.

*Mr. Jay Newberry*, prosecuting attorney, for appellee.

Kerns, J. The defendant, Alton Sonstegard, was tried by jury in the Kettering Municipal Court and found guilty of "communicating unwarranted and grossly abusive language" in violation of Section 648.04(A) (2) of the Ordinances of the city of Kettering, Ohio.

During the course of the trial, Sonstegard moved for a dismissal of the charge against him on the ground that Section 648.04(A)(2) is unconstitutionally overbroad in that it embraces words that are protected by the First Amendment to the United States Constitution. The overruling of the motion to dismiss provides the only basis for this appeal, but the record is devoid of the particular facts which were before the Municipal Court when the motion was overruled.

The disorderly conduct ordinance in question is identical to R. C. 2917.11(A), and reads as follows:

"No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following: * * *

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person; * * * ."

For many years, the constitutionality of an overbroad ordinance was properly judged in terms of the result reached by its application to the facts of a particular case, but in a comparatively recent case, the Supreme Court of the United States has held that an enactment which encroaches upon First Amendment values may be declared void on its face. *Gooding* v. *Wilson* (1972), 405 U. S. 518. See, also, *Lewis* v. *New Orleans* (1974), 415 U. S. 130.

Ordinances similar to the one under consideration have already met hard times. *Akron* v. *Serra* (1974), 40 Ohio Misc. 14; *State* v. *Hartsing* (1975), 43 Ohio Misc. 1. But the Supreme Court of the United States has recognized the power to constitutionally punish words which by their very utterance tend to incite an immediate breach of the peace, and we are not convinced that an offensively coarse utterance or grossly abusive language can be comfortably suited to any other purpose.

The nebulous character of such words as "coarse" and "abusive" must be calibrated by human sensibilities and such words thus provide too much roving room for constitutional validity, but when these adjectives are attended by such words as "offensively" and "grossly," the narrowing process results in "fighting words" of a type which are not entitled to constitutional protection.

Almost everyone should have some realistic notion of what constitutes unwarranted and grossly abusive language, and the suggestion that the words encompassed thereby, when expressly directed to another person, would not tend to cause a breach of the peace requires beatific vision, supreme blessedness, and rare imagination.

Accordingly, the alleged error is overruled, and the judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and McBRIDE, J., concur.

McBRIDE, J., concurring. I concur in the affirmance because in the absence of any record of the trial proceedings the statements appellant used and the circumstances under which they were made are not before this court. The conclusions in the affidavit do not furnish facts nor do they foreclose amendments to the specific charge which could have expanded the constitutional inquiry beyond the points argued in the briefs.

While the appeal is from the judgment and sentence the only error assigned is from a preliminary denial of a motion to dismiss, which is not in itself enlightening or final. In earlier decisions, I questioned the language limitations of R .C. 2917.11(A)(2) and I continue to share such misgivings of portions of the subsection; however, foreseeable situations under the causing alarm portion prevents a rash judgment that the subsection is *totally* and *facially* unconstitutional. I have yet to find a case that refutes Justice Holmes statement that there is no constitutional right to falsely yell "fire" in a crowded theatre. The total vacuum of facts in this case is not a suitable posture for a decision worthy of the constitution.