THE STATE OF OHIO, APPELLEE, *v.* WELCH, APPELLANT.

[Cite as State v. Welch (1978), 53 Ohio St. 2d 47.]

(No. 77-320—Decided February 1, 1978.)

*Mr. Richard P. Taylor*, city prosecutor, for appellee.

*Messrs. Lavelle & Yanity* and *Mr. William A. Lavelle*, for appellant.

*Per Curiam.* The journal entry of the Athens County Municipal Court sentencing defendant recites, *inter alia*, that defendant was "brought before the Court" and asked whether "he had anything further to say why judgement should not be pronounced against him." That entry is not,

however, supported by the record. It is a "form" entry with blanks for the name of the defendant, the offense charged, etc. The transcript of the official court reporter contained in the record certified to this court shows that defendant was not present at the time she was found guilty and sentenced.

Crim. R. 43(A) provides that a defendant "shall be present at * * * every stage of the trial, including * * * *the imposition of* sentence * * *." (Emphasis added.) See, also, Crim. R. 32(A)(1); R. C. 2945.12.

Accordingly, the judgment of the Court of Appeals affirming the judgment and sentence is reversed, and the cause is remanded to the Municipal Court with instructions to vacate the journal entry sentencing defendant, and then to sentence defendant in accordance with law.

*Judgment reversed and cause remanded.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., dissents.

HERBERT, J., concurring. The dissent opines that R. C. 2917.11(A)(2) should be declared unconstitutional by this court. I disagree.

The words in question here were, among others, "you son of a bitch."

In my judgment, such disparagement of one's mother and other ancestral roots constitutes fighting words within the meaning of the present state of the law. That particular epithet is "likely to provoke the average person to an immediate breach of the peace."

As so "authoritatively construed," the statute can survive and, therefore, should not be declared unconstitutional. *Cantwell* v. *Connecticut* (1940), 310 U. S. 296; *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568; *Terminiello* v. *Chicago* (1949), 337 U. S. 1; *Cohen* v. *California* (1971), 403 U. S. 15; *Gooding* v. *Wilson* (1972), 405 U. S. 518; *Lewis*

v. *New Orleans* (1974), 415 U S. 130; *Cincinnati* v. *Karlan* (1974), 39 Ohio St. 2d 107, 314 N. E. 2d 162.

P. BROWN, J., concurs in the foregoing concurring opinion.

WILLIAM B. BROWN, J., dissenting. Appellant contended before this court and before the Court of Appeals that R. C. 2917.11(A)(2), which makes it a misdemeanor for a person to recklessly cause inconvenience, annoyance, or alarm to another by "[m]aking unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person" violates the United States and Ohio Constitutions because it is "void for vagueness."

The Court of Appeals addressed that issue, finding on the basis of the "presumption in favor of the constitutionality of a legislative enactment" that the statute is not unconstitutional.[1] Therefore, this court cannot avoid the constitutional issue central to this cause on the grounds that it was not raised in and decided by the Court of Appeals. (*State* v. *Abrams* [1974], 39 Ohio St. 2d 53.) Moreover, it is not sound judicial policy to avoid a constitutional issue when, as in the instant cause, doing so will foster confusion as to the validity of lower court decisions[2] and affect the outcome of the cause under consideration.[3] Finally, it

_____

[1]Although the Court of Appeals might not have been compelled to discuss the statute's unconstitutionality because the issue had not been raised before the trial court (*State* v. *McDonald*, 32 Ohio App. 2d 231; 3 Ohio Jurisprudence 2d, Appellate Review, Section 550), it had the power to do so. (See R. C. 2505.21.) When the issue was presented to this court, therefore, it had been raised before and decided on by the intermediate court.

[2]See *State* v. *Hartsing* (1975), 43 Ohio Misc. 1; and *Akron* v. *Serra* (1974), 40 Ohio Misc. 14, finding R. C. 2917.11 or municipal ordinances patterned after it unconstitutional.

[3]If the majority determined that R. C. 2917.11(A)(2) is unconstitutional on its face there would be no reason for it to remand the cause to the trial court to sentence appellant according to law. The

seems quite clear that R. C. 2917.11(A)(2) *is* unconstitutional. Only "fighting words" may be constitutionally proscribed by law. *Gooding* v. *Wilson* (1972), 405 U. S. 518; *Lewis* v. *New Orleans* (1974), 415 U. S. 130. "Indelicate," "insensitive," "dull," "insulting" or "harshly scolding" words[4] are not fighting words because they do not *necessarily* tend to incite an immediate breach of the peace. *Gooding, supra.* Because its language is overbroad, R. C. 2917.11(A)(2) can be interpreted by authorities to prohibit political expression as well as common invective, and it may, *as long as the majority refrains from holding it unconstitutional,* discourage law-abiding citizens from exercising their First Amendment rights.[5] I therefore believe that this court should, in the interest of free expression and in the interests of judicial efficiency and fairness declare R. C. 2917.11(A)(2) to be unconstitutional at this time. I dissent.

---

instant cause does. not present a situation like that found in *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496, 502, where the court would have had to "anticipate prospective incidents * * * to declare a law unconstitutional." Indeed, "* * * the transcendent value * * * of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity' * * *." *Gooding* v. *Wilson* (1972), 405 U. S. 518, 520-521; *Lewis* v. *New Orleans* (1974), 415 U. S. 130.

[4]See the dictionary definitions of "coarse," "gross" and "abusive."

[5]R. C. 2917.11(A)(2) may be aesthetically justifiable, but it cannot be condoned under the First Amendment. The constitutional implications of making it a misdemeanor to engage in "dull" political expression would be grave indeed.