DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Michael Miller has appealed from his convictions in the Summit County Common Pleas Court on two counts of public indecency. He has argued that: (1) the trial court incorrectly convicted and sentenced him on two counts of public indecency, because only one act of public indecency occurred; and (2) the trial court incorrectly sentenced him without the presence of him or his counsel. This Court reverses the judgment of the trial court in part because: (1) there was evidence of only one act of public indecency; and (2) imposing sentence without defendant's presence was unconstitutional.
 I.
On July 1, 1996, two juvenile girls, who were visiting their grandmother in the apartment complex where defendant lived, went to defendant's apartment to visit him. He answered the door wearing only a towel because, according to him, he suffered from a skin condition that required him to remain undressed for a period after applying a topical medication. According to the girls' testimony, they remained with him for only several minutes, during which they were shown part of a television or videotaped program containing nudity and sexual activity. As they were leaving to avoid watching the program, defendant allegedly instructed the girls not to tell anyone, removed the towel and exposed his private parts, and began "feeling himself." The girls immediately related these alleged events to their grandmother and, shortly afterward, to their parents.
On July 23, 1996, defendant was charged with two counts of disseminating matter harmful to juveniles, violations of Section2907.31 of the Ohio Revised Code, and two counts of public indecency, violations of Section 2907.09 of the Ohio Revised Code. He was tried to the court on January 29, 1997. On April 30, 1997, the court issued a written journal entry finding defendant not guilty of the two counts of disseminating matter harmful to juveniles and guilty on both counts of public indecency, and imposed two consecutive thirty-day sentences of incarceration. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly convicted and sentenced him on two counts of public indecency, because only one act of public indecency occurred. Section 2907.09 of the Ohio Revised Code provides, in pertinent part, that:
 (A) No person shall recklessly do any of the following, undercircumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 (1) Expose his or her private parts, or engage in masturbation;
(2) Engage in sexual conduct;
 (3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.
Defendant has argued that, pursuant to Section 2941.25 of the Ohio Revised Code, the two offenses of which he was convicted were allied offenses of similar import and that, therefore, he could not be convicted of both. In support of his position, defendant has cited State v. Harden (Oct. 8, 1991), Montgomery App. No. 12507, unreported, 1991 WL 2489. In that case, as in this one, the defendant was convicted of two counts of public indecency based on one incident during which he exposed himself to two persons, and assigned his double conviction and sentence as error on appeal. The court held:
 Ordinarily, the multiple counts statute (R.C. 2941.25), upon which the appellant relies, deals with "two or more allied offenses" whereas the evidence in the present case discloses only a single offense of public indecency. However, the double punishment imposed herein for only a single crime does invoke the spirit, if not the letter, of R.C. 2941.25(A). Manifestly, the penalty for a single violation of R.C. 2907.09, a fourth degree misdemeanor, is not controlled by the number of affronted spectators — whether three or thirty-three — who view the act of public indecency. Accordingly, the first assignment of error is well made.
This Court agrees with what the court in Harden wrote on this point. The language in the statute, providing that no one shall recklessly expose his or her private parts when it is likely that non-household members might view and be affronted by the exposure, proscribes certain conduct without regard to the effect it actually has on others and without regard to whether or how many others actually view the behavior. Whether because of Section 2907.09 itself or because of Section 2941.25, therefore, defendant's double conviction for his single act of exposing himself to the two girls cannot stand. Defendant's first assignment of error is sustained.
 B.
Defendant's second assignment of error is that the trial court incorrectly sentenced him without the presence of him or his counsel. According to him, this was a violation of his right to be present at all critical stages of the criminal proceedings against him. The United States Supreme Court has held that a defendant has the right to be present at all critical stages of a criminal proceeding against him if his presence would contribute to the fairness of the procedure. See Kentucky v. Stincer
(1987), 482 U.S. 730, 745, 96 L.Ed.2d 631, 647. The Ohio Supreme Court, citing Section 10, Article I, of the Ohio Constitution, and Rule 43 of the Ohio Rules of Criminal Procedure, has held that a defendant "has a fundamental right to be present at all critical stages of his criminal trial." See State v. Hill (1995), 73 Ohio St.3d 433,444. See, also, State v. Welch (1978), 53 Ohio St.2d 47,48 (remanded for resentencing because the defendant had not been present at sentencing). Rule 43(A) of the Ohio Rules of Criminal Procedure provides, in part, that a defendant "shall be present at * * * every stage of the trial, including * * * the imposition of sentence, except as otherwise provided by these rules."
Nothing in the record indicates that defendant was present when he was sentenced, and the State has not rebutted defendant's claim that he was not present at sentencing. Instead, the trial transcript indicates that the judge stated, at the end of the hearing on January 29, 1997, that he would "take [the matter] under advisement" and "issue a written opinion." On April 30, 1997, the trial court issued a journal entry indicating its finding that defendant was guilty of the two counts of public indecency and imposing two consecutive thirty-day sentences. Defendant was deprived of his right to be present at his sentencing. He could not, therefore, call to the trial court's attention its error in convicting and sentencing him on two counts instead of one, nor could he object to the sentence on any other grounds he may have had. Defendant's second assignment of error is sustained.
 III.
Defendant's assignments of error are sustained. The judgment of the trial court is reversed in part. Defendant's conviction on one count of public indecency stands, and this matter is remanded for resentencing on that conviction.
Judgment reversed in part and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., P. J.
REECE, J. CONCUR.