OPINION
On January 23, 2001, the Stark County Grand Jury indicted appellant, Robert Andre Evans, on one count of aggravated robbery in violation of R.C. 2911.01, one count of kidnapping in violation of R.C. 2905.01, one count of possession of cocaine in violation of R.C. 2925.11 and one count of preparation of cocaine for sale in violation of R.C. 2925.07.
On January 26, 2001, appellant pled guilty as charged. By judgment entry filed January 31, 2001, the trial court sentenced appellant to a total aggregate term of three years in prison.
On February 28, 2001, appellant filed a motion to vacate plea of guilty to the aggravated robbery and kidnapping counts. By judgment entry filed April 12, 2001, the trial court granted said motion and set the matter for trial for April 30, 2001.
On April 23, 2001, appellee, the State of Ohio, entered a nolleprosequi on the counts. By judgment entry filed same date, the trial court vacated the sentences pertaining to the aggravated robbery and kidnapping counts, leaving a total aggregate sentence of two years.
On September 13, 2001, appellant filed a motion to vacate sentence. By judgment entry filed September 18, 2001, the trial court denied said motion.
Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS AT THE SENTENCING STAGE WHEN THE TRIAL COURT VACATED THE THREE YEAR SENTENCE AND IMPOSED A TWO YEAR SENTENCE IN VIOLATION OF O.R.C. CRIMINAL LAW 43.A.
 II. DEFENDANT/APPELLANT WAS DENIED DUE PROCESS AT SENTENCING PHASE. THE TRIAL COURT ILLEGALLY SENTENCED APPELLANT EVANS TO A REDUCED SENTENCE WITHOUT HIS BEING ALLOWED TO SPEAK IN HIS BEHALF. OHIO REVISED CODE § 2947.07
MANDATES THAT A CRIMINAL DEFENDANT BE ALLOWED TO SPEAK IN HIS BEHALF PRIOR TO THE IMPOSITION OF SENTENCE.
 III. APPELLANT EVANS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL WAIVED HIS CONSTITUTIONAL RIGHTS WITHOUT HIS PERMISSION OR KNOWLEDGE.
 I, II
Appellant claims the trial court erred in denying his request to vacate his sentence pursuant to R.C. 2953.21. Specifically, appellant claims he was resentenced on April 23, 2001 and such resentence violated Crim.R. 32(A) and 43(A). We disagree.
In its judgment entry of April 23, 2001, the trial court entered the following judgment:
 The Court finds that the prosecution has now dismissed, with approval of the Court, the charge of aggravated robbery and kidnaping and that the only remaining charge is a charge of possession of cocaine. The Court herein vacates the previous three-year sentence as it relates to the charge of aggravated robbery and kidnaping in that said charge has been dismissed. The Court herein imposes a sentence of two years on the charge of possession of cocaine. The Court orders that the Clerk of Courts notify the appropriate state institution of this change in sentencing. The defendant shall be given credit for time served pursuant to statute.
Appellant was originally sentenced on January 31, 2001 on a multi-count indictment. The sentence imposed on the possession of cocaine charge was identical to the reimposed sentence of April 23, 2001:
 IT IS FURTHER ORDERED that the defendant shall be committed to the Lorain Correctional Institution for a mandatory term of two (2) years in prison on the charge of Possession of Cocaine, 1 Ct. [R.C. 2925.11(A)] (F2).
Appellant is correct, once a sentence is imposed, the trial court may not modify or amend the sentence unless the defendant is present. Statev. Welch (1978), 53 Ohio St.2d 47; Crim.R. 32(A) and 43(A). In this case, the judgment entry of April 23, 2001 did not modify or amend the sentence relating to the possession of cocaine charge, but vacated the sentences pertaining to the aggravated robbery and kidnapping charges. The language involving the two year sentence on the possession of cocaine charge was merely a rejournalization of the same sentence imposed on January 31, 2001. As the trial court did not modify or amend the sentence on the possession of cocaine charge, appellant was not entitled to the protections afforded under Crim.R. 32 and 43 in relation to the April 23, 2001 judgment entry. We find the trial court did not err in rejournalizing the previously imposed sentence.
Assignments of Error I and II are denied.
 III
Appellant claims he was denied the effective assistance of trial counsel. We disagree.
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
The record is devoid of any deficiency in trial counsel. Appellant sought to have his pleas to aggravated robbery and kidnapping withdrawn. Those pleas were withdrawn and the counts were subsequently nollied. The sentences attributable to these charges were vacated. Appellant's remaining prison sentence was unchanged and rejournalized. We find no valid claim of ineffective assistance of trial counsel.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, P.J., WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.