JOURNAL ENTRY AND OPINION
¶ 1 This matter is before the court on appeal after the court had granted Mr. Gaddis's App.R. 26(B) application to reopen. In April 2000, this court granted Gaddis a delayed appeal and appointed counsel; however, counsel failed to file a praecipe, and the court dismissed the appeal. Gaddis, through his attorney, moved to reinstate. The court granted that motion and appointed new counsel; however, again, no praecipe was filed, and the court again dismissed the case. Subsequently, Gaddis filed his application to reopen.
 FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 In March 1999, the Grand Jury indicted Gaddis on one count each of aggravated robbery, intimidation and falsification. On May 27, 1999, the State of Ohio amended count one from aggravated robbery to robbery to which Gaddis pleaded guilty. On the prosecutor's recommendation, counts two and three were nolled. Robbery is a second degree felony punishable by two, three, four, five, six, seven or eight years in prison and up to a $15,000 fine.
¶ 3 At the sentencing hearing on June 16, 1999, the defense attorney, arguing for mitigation of sentence, noted that Gaddis was nineteen years old and that he had no prior criminal history as a juvenile or an adult. The trial judge noted that even though Gaddis had no prior record and even though it was fortunate that the victim was not hurt worse than he was, Gaddis had gone too far over the line and was not an adequate candidate for community control. Thus, the trial judge sentenced him to three years incarceration. The court journalized the sentence on June 18, 1999. On that same date, the court also journalized "Felony Sentencing Findings." In this entry, the trial court found that the victim suffered serious physical, emotional or psychological harm as a reason why the crime was more serious. Then, specifically regarding R.C. 2929.14(B), the court found: "Prison Term More Than Minimum For a First Time Prison Term When Shortest Term Alone Would (A) Demean the seriousness of the offense and (B) Not adequately protect public." (Capitalization and italics in original.)[1]
 DISCUSSION OF LAW
¶ 4 Gaddis' sole assignment of error is that he has been deprived of his liberty without due process of law by the sentence imposed in this case because it did not comport with Ohio's new sentencing scheme. Specifically, R.C. 2929.14(B) provides in pertinent part as follows:
 [I]f the court imposing sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
¶ 5 Thus, Gaddis argues that because he did not have a prior criminal record, much less a prior prison term, and because the trial judge did not make the requisite statutory findings on the record, the three-year sentence is improper, and he should have been given the minimum two year sentence. For relief, Gaddis invokes this court's power under R.C. 2953.08(G) to reduce or otherwise modify a sentence that is appealed and impose a two-year prison term. Alternatively, he asks this court to reverse and remand for resentencing.
¶ 6 The court sees two critical issues presented: (1) whether the trial judge's remarks during the sentencing hearing fulfilled the statute's requirements and (2) whether the checklist findings, journalized two days after the sentencing hearing, fulfilled those requirements.
¶ 7 The judge's remarks, that it was fortunate that the victim was not hurt worse, that Gaddis had gone too far over the line, and that he was not a candidate for community control, do not satisfy the statutory mandates. Those statements adequately support the decision to sentence Gaddis to prison, but they do not state with sufficient certainty that the offender's actions were so serious or his threat to the public so great that more than the minimum prison term is necessary to protect the public or effect justice. Furthermore, the state essentially concedes this point in its brief when it asks this court to conclude by implication that the judge's remarks are sufficient to uphold the conviction and sentence. The state expends one four-line paragraph on this argument and then devotes the rest of its brief to the proper remedy upon reversal.
¶ 8 This court further rules that the use of a sentencing checklist, journalized days after the hearing and not referenced during the sentencing hearing, does not fulfill the requirements of the statute. The statutory directive that the sentencing court state its findings "on the record" means just what it says: the trial court must state its sentencing findings in open court and in the presence of the offender. The term "on the record" is not identical to "in the record." Because the term "on the record" is not defined by the Ohio Revised Code, this court must define that term by its ordinary meaning and usage. State v. Loless (1986), 31 Ohio App.3d 5, 507 N.E.2d 1140. In its ordinary and historical usage, the term "on the record" means recorded proceedings occurring in open court in the presence of the judge and the parties. The term "in the record" means merely that it has to be included somewhere and somehow in the body of material that memorializes the proceedings.
¶ 9 Moreover, interpreting the directive of R.C. 2929.14(B) as requiring that the trial court state its reasons for imposing sentence on the record in open court in the presence of the offender fulfills the offender's right to be present during sentencing. As embodied in Crim.R. 43(A), the defendant "shall be present" at every stage of the trial including "the imposition of sentence." When the General Assembly reformed Ohio's entire criminal code, it created various guidelines, including the requirement to state the reasons for imposing a sentence at variance with those guidelines as an integral part of sentencing. If the offender does not hear the reasons for the sentence, then the offender misses part of the sentencing, which would be a frustration of his right to be present at every stage of the proceedings. Cf. State v.Welch (1978), 53 Ohio St.2d 47, 372 N.E.2d 346, in which the Supreme Court of Ohio struck down the use of a sentencing form entry to impose sentence when the offender was not present as a denial of the right to be present at all stages of the proceedings.
¶ 10 This court has no doubt that the trial court endeavored in good faith to fulfill the requirements of a recently enacted statute that was part of a comprehensive reform of Ohio's criminal law. Moreover, the appellant has not convinced this court that a three-year sentence is unjust, even if Gaddis had no prior record. Indeed, the sentence may very well be just. Nevertheless, the sentencing hearing did not fulfill the requirements of R.C. 2929.14(B). Accordingly, this court affirms the conviction, sustains Gaddis' assignment of error, vacates the sentence, and remands this matter for resentencing.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
[1] The subject Felony Sentencing Findings are in the form of a three-page checklist. The court checked off both (A) Demean the seriousness of the offense and (B) Not adequately protect the public under the relevant section for R.C. 2929.14(B).