[Cite as *State v. Workman*, 2014-Ohio-258.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 10-13-13

    v.

TIMOTHY SCOTT WORKMAN,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Celina Municipal Court
Trial Court No. 13-CRB-00311

Judgment Reversed and Cause Remanded

Date of Decision: January 27, 2014

APPEARANCES:

    *Quentin M. Derryberry, II* for Appellant

    *Andrew J. Hinders* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Timothy S. Workman ("Workman"), appeals the June 5, 2013 judgment of the Celina Municipal Court finding him guilty of violating the Franklin Township Zoning Code. No fines were imposed as a result of the trial court's ruling. However, the trial court ordered Workman to pay court costs of $165.75.

{¶2} This action was initiated by a complaint filed by Mercer County Zoning Inspector Steve Keithley. In the complaint, Inspector Keithley alleged that Workman conducted a "commercial use" on land zoned as a "Prime Agricultural District" in violation of Section 1127.18 of the Franklin Township Zoning Code. The record reflects that the alleged "commercial use" was Workman's storage of vehicles and equipment purportedly used in the course of his plumbing, HVAC, and gas line repair business on the property where he resides.

{¶3} The case proceeded to a bench trial. The prosecution presented the testimony of three witnesses and six exhibits, including pictures of the vehicles on the property. Workman did not present any evidence in his defense. After hearing the evidence, the trial court found that Workman had used his land "in violation of the A-2 zoning and in [violation of] 1127.15 through 1127.19 of the Franklin Township Zoning Code[.]" (Doc. No. 21). As a result, the trial court found Workman "guilty of said violations" and ordered him to pay court costs.

{¶4} Workman now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**A CRIMINAL COMPLAINT BASED ON TOWNSHIP ZONING REGULATION STATUTE—NO CRIME.**

### ASSIGNMENT OF ERROR NO. II

**ASSUMING ARGUENDO THAT THE PROSECUTION UNDER FRANKLIN COUNTY [*sic*] ZONING CODE 1127.18 IN FACT STATED AN OFFENSE HAD BEEN BROUGHT PURSUANT TO R.C. 519.02-519.25; A REVIEW OF THE TESTIMONY AND CRIMINAL COMPLAINT FAILS TO SUPPORT A FINDING OF GUILTY.**

{¶5} For ease of discussion we elect to discuss the assignments of error together.

*First and Second Assignments of Error*

{¶6} The gravamen of Workman's argument on appeal is that the complaint did not mention or otherwise invoke R.C. 519.23, which is the state statute upon which criminal liability for violation of a township zoning code is predicated.[1] Notably, Workman failed to raise this matter during the trial court proceedings and arguably waived any issues regarding defects in the complaint. *See* Crim.R. 12(C)(2). Nevertheless, the question remains whether the complaint adequately

---

[1] Specifically, R.C. 519.23 states, "No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board of township trustees under sections 519.02 to 519.25, inclusive, of the Revised Code. Each day's continuation of a violation of this section may be deemed a separate offense." Furthermore, R.C. 519.99 provides that "[w]hoever violates [R.C. 519.23] shall be fined not more than five hundred dollars for each offense."

apprised Workman that his conduct constituted a criminal offense in violation of the Franklin Township Zoning Code.

{¶7} The complaint filed by Zoning Inspector Keithley states the following in its entirety:

> **The Complainant, after being duly cautioned and sworn, states that one Timothy Scott Workman, on land in Section 21, Township 6 South, Range 3 East, Franklin Township, Mercer County, Ohio, on or about April 7, 2013, did a conduct commercial use in an area of the Township not zoned for that land use.**
>
> **The Complainant alleges that this act is in violation of Section 1127.18, of the Franklin Township Zoning Code, entitled A-2: Prime Agriculture District/Conditional Uses, being an unclassified misdemeanor, and against the peace and dignity of the State of Ohio.**

(Doc. No. 2).

{¶8} The complaint does not specifically state the conduct Workman is alleged to have engaged in constituting an offense. Rather, the complaint generally alleges that Workman conducted a "commercial use" in violation of Section 1127.18 of the Franklin Township Zoning Code. This particular zoning code states the following:

> **1127.18 Conditional Uses**
>
> **A building or premises may be used for the following purposes in the A-2: Prime Agriculture District, if a Conditional Use Permit for the use has been obtained in conformance with the provisions of Chapter 1131.**

**Principal Uses:**
A. **Airports**
B. **Animal Hospitals and Clinics**
C. **Cemeteries**
D. **Farm and Heavy Equipment Sales and Service**
E. **Grain Elevators and Feed Mills**
F. **Mineral Extraction**
G. **Mixed Uses**
H. **Oil and Gas Wells**
I. **Public Service Facilities**
J. **Recreation, Commercial**
K. **Recreation, Non-Commercial**
L. **Recreation, Public**
M. **Religious Places of Worship**
**Accessory Uses:**
N. **Expanded Home Occupations**
O. **Nurseries and Garden Supply Stores**
P. **Private Landing Strips and Heliports**
Q. **Seasonal Storage Facility**

{¶9} Initially, we are struck by the fact that, contrary to the allegations in the complaint, nothing in the wording of Section 1127.18 serves to apprise an individual that simply conducting a "commercial use" in a Prime Agricultural District constitutes a violation of the zoning code nor does the complaint allege that Workman did not have a conditional use permit. Notably, the prosecution later specified in the Bill of Particulars that the alleged "commercial use" was Workman's storage of his "personal property used in the course of his business" without having "a permit to conduct a Conditional Use on the real property* * *." (Doc. No. 15).

{¶10} However, the term "commercial" is not defined in Section 1127.18 nor is it defined anywhere in the zoning code. Moreover, it is not clear that the mere storage of one's personal property to be used in the course of a business is an inherently "commercial" activity so as to adequately put an individual on notice that he may be conducting a "commercial use" in violation of the zoning code. Thus, even assuming the complaint properly set forth R.C. 519.23 as the overall criminal offense, Section 1127.18 of the Franklin Township Zoning Code does not sufficiently define the proscribed conduct constituting an offense in this case.

{¶11} In addition to the deficiencies in the allegations of the complaint and the vagueness of Section 1127.18, the evidence at trial also failed to establish beyond a reasonable doubt that Workman conducted a "commercial use" on the property. Inspector Keithley testified that the nature of Workman's alleged zoning violation was "operating a business" on property zoned only for agricultural use. (Tr. at 12). Inspector Keithley further stated that Workman did not have a valid conditional use permit to conduct a "commercial" activity. (Id. at 13). Inspector Keithley explained that the zoning violation was based solely on the fact that multiple vehicles were seen stored on the property displaying the name of Workman's plumbing, HVAC, and gas line repair business. (Id at 12.) On cross-examination, Inspector Keithley also alleged that the presence of a skid loader and

a mini track hoe on the property, in addition to the work vehicles, formed the basis for the complaint. (Id. at 23).

{¶12} The two other witnesses to testify for the prosecution were Franklin Township Trustees Ron Niekamp and Neal Klosterman. Both Niekamp and Klosterman testified that they met with Workman on the property when they hand-delivered public records that he had requested. During this visit, Workman showed the Trustees around one of the structures he had recently built on the property. This building housed a tanning bed, a fighting cage, and personal fitness equipment. Klosterman and Niekamp observed a nonfunctioning toilet and pedestal sink vanity resting against the back wall. According to Klosterman and Niekamp, Workman explained that he used these items when he hired subcontractors—specifically to test their plumbing skills. Both witnesses also observed a mini track hoe stored in the building. Klosterman opined that a mini track hoe is the type of equipment typically used in Workman's line of business. However, neither witness testified that Workman did in fact use this equipment for business purposes.

{¶13} As previously mentioned, the Franklin Township Zoning Code does not define the term "commercial." When a key term is not defined courts generally employ the plain meaning and common usage of the word. At trial, the

prosecution introduced as an exhibit a dictionary page defining the word "commercial" as follows:

> **Commercial *(adj)* 1 a (1): engaged in work designed for the market (2): of or relating to commerce (3): characteristic of commerce (4): suitable, adequate, or prepared for commerce b (1): being of average or inferior quality (2): producing artistic work of low standard for quick market success 2 a: viewed with regard to profit b: designed for a large market 3: emphasizing skills and subjects useful for business 4: supported by advertisers.**

(State's Ex. E). In *Board of Trustees of Springfield Township v. Barnaby*, the Sixth Appellate District was asked to review a zoning resolution that prohibited conducting a commercial operation in a residential district. *Barnaby*, 6th Dist. Lucas No. L-88-069 (Nov. 18, 1988). The court in *Barnaby* concluded that the exchange of money for goods or services was "undoubtedly an essential element of 'commercial use. ' " *Id.* at \*2. Nevertheless, the court in *Barnaby* further concluded that the prosecution in that case failed to establish beyond a reasonable doubt that Barnaby was engaged in a "commercial use" because it failed to show that Barnaby was involved in an exchange of money for goods and it failed "to provide any indicia tending to establish the concept of commerciality, *e.g.*, advertising, receipts, customer lists, etc." *Id*. The court reasoned that "[w]ithout this type of evidence the violation cannot be proven beyond a reasonable doubt." *Id*.

{¶14} Here, there was no evidence presented at trial demonstrating that Workman was involved in the exchange of money for goods or services on the property. There was also no evidence presented demonstrating that Workman used the property to advertise his business or even that the equipment forming the basis of the complaint was indeed used in Workman's business. While there was some testimony suggesting that Workman used a toilet and a pedestal vanity in one of his out buildings to test the skills of subcontractors, Inspector Keithley specifically testified that the allegations in the complaint were predicated solely upon the storage of the work vehicles and mini track hoe and skid loader on the property.

{¶15} Moreover, Inspector Keithley stated the following at trial regarding Workman's alleged conduct forming the basis for the violation:

> **The Court: I have one question. In part of your various drive-bys and photographs, is any part of the case [] based on activity that you saw other than the photographs of the parked vehicles, such as things being repaired, worked on, piping, tubing, employees, physical labor, carrying, lifting, moving, installing, putting things in trucks, anything like that that's part of your zoning objection here?**
>
> **Inspector Keithley: Not that I have seen.**

(Tr. at 50).

{¶16} On this record, we must concur with the reasoning used by the court in *Barnaby*. Without any specific definition in the zoning code setting forth the

meaning of "commercial use" and based upon the limited testimony set forth above, we cannot conclude that the mere presence of work vehicles and equipment alone is adequate to establish beyond a reasonable doubt that Workman conducted a "commercial use" on the property.

{¶17} In addition to the foregoing difficulties, we are also compelled to note a number of issues within the judgment entry of conviction and sentence entered by the trial court in this case.

{¶18} First, it is not clear that there is any judgment of conviction entered against Workman. Rather, the trial court simply states that "this Court hereby finds that the D has used this land in violation of the A-2 zoning and in [violation of] 1127.15 through 1127.19 of the Franklin Township Zoning Code for the times as proven in Court." (Doc. No. 21). Workman is not named in the judgment and as noted earlier neither is any statute which actually sets forth a criminal offense, such as R.C. 519.23. As previously stated, the Franklin Township Zoning Code does not state a criminal offense and it is well established that criminal liability for a violation of a township zoning code must be predicated on R.C. 519.23, of which the trial court makes no mention in its judgment entry. *See Strongsville v. McPhee*, 142 Ohio St. 534, paragraph two of the syllabus (1944).

{¶19} Second, the judgment entry does not make a specific finding of guilt beyond a reasonable doubt which is obviously necessary for a criminal conviction.

{¶20} Third, as a basis for its finding of guilt the judgment entry of the trial court mentions a prior case involving Workman and similar allegations, in which Workman apparently surrendered a conditional use permit. However, there is nothing in the evidence about such a prior case, this prior case was never made part of the record in this case, and nothing in the record suggests that the trial court ever attempted to take judicial notice of the prior case. Under the circumstances it is clearly troublesome for the trial court to mention the prior case in rendering its decision and judgment in the case before us.

{¶21} Finally, the trial court states the following in its judgment entry. "Costs of this matter against Defendant. No fines herein subject to compliance by D and his agents, etc." (Doc. No. 21). Once the trial court sentenced Workman to pay court costs, it no longer retained jurisdiction to threaten his continued compliance with the imposition of further fines. Accordingly, this portion of the judgment entry is either superfluous and unenforceable, or if intended as a contingency, the entry itself may lack the necessary finality to constitute a valid entry of conviction and sentence.

{¶22} In sum, it is our conclusion that the specific sections of the zoning code that were alleged to have been violated in this case, the evidence presented at trial, and the final judgment entry appealed from, all fail as a matter of law to sufficiently apprise Workman of or identify for the record the proscribed criminal

-11-

conduct for which Workman was purportedly convicted. As such, the assignments of error are sustained and the judgment of the trial court is reversed as against the sufficiency of the evidence and we remand this case with instruction to dismiss the complaint.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, J., concurs.**

**/jlr**

**WILLAMOWSKI, P.J., Concurring Separately.**

{¶23} I concur fully with the judgment of the majority; however I am writing separately to call attention to one more error committed by the trial court, which was not discussed by the majority. This is a criminal case. Yet, it is apparent from the record that Defendant was not present at the time he was found guilty and "sentenced" to "compliance with the requirements of [Franklin Township Zoning Board] and Zoning inspectors" as well as to the payment of the court costs. (*See* Tr. at 88 (indicating that the court was taking the matter under advisement and that the finding of guilty is absent from the trial transcript); Doc. No. 21, J. Entry (finding Defendant guilty in a written decision).)

{¶24} Crim.R. 43(A) is mandatory in its requirement that "the defendant must be physically present at every stage of the criminal proceeding and trial,

including the impaneling of the jury, the return of the verdict, and the imposition of sentence," except when a written waiver or a waiver on the record is secured, or in instances of disruptive conduct by the defendant. *See also* R.C. 2945.12:

> A person indicted for a misdemeanor, upon request *in writing subscribed by him and entered in the journal*, may be tried in his absence by a jury or by the court. *No other person shall be tried unless personally present*, but if a person indicted escapes or forfeits his recognizance after the jury is sworn, the trial shall proceed and the verdict be received and recorded. If the offense charged is a misdemeanor, judgment and sentence shall be pronounced as if he were personally present. If the offense charged is a felony, the case shall be continued until the accused appears in court, or is retaken.

(Emphasis added.)

**{¶25}** No waiver appears on the record and no disruptive behavior by Defendant is documented. Defendant was therefore within his rights to be present when the decision finding him guilty was announced. The trial court's judgment should therefore be reversed based on this error alone. *See State v. Welch*, 53 Ohio St.2d 47, 48, 372 N.E.2d 346 (1978) (reversing the judgment of the court of appeals that affirmed a verdict of guilty entered in the absence of the defendant).

**{¶26}** Having said that, I concur with the conclusion of the majority that the judgment of the Celina Municipal Court be reversed and cause remanded with instructions to dismiss the complaint.