JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Albert Dargon ("appellant") appeals from the judgment of the trial court which sentenced him to a term of six months incarceration. For the reasons set forth below, we affirm.
 {¶ 2} Appellant pled guilty to an amended count of possession of drugs in violation of R.C. 2929.11, a felony of the fifth degree. Seven days prior to his plea, appellant was arrested for another drug violation and was subsequently indicted for possession of drugs, another felony of the fifth degree. The trial court proceeded to the sentencing phase for both cases. Appellant was sentenced to a term of six months incarceration for each case, to run concurrently. It is from this ruling that appellant now appeals, asserting a sole assignment of error for our review:
 {¶ 3} "I. The trial court erred when it imposed a prison sentence without making the appropriate findings required by R.C. 2929.13."
 {¶ 4} Appellant essentially contends that the trial court failed to consider all of the factors enumerated in R.C. 2929.13(B) prior to imposing a sentence. He maintains that the trial court was required to make an express finding that appellant was not amenable to community control sanctions and the failure to do so is reversible error. We disagree with appellant.
 {¶ 5} This court will reverse the trial court's imposition of sentence only if we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G).
 {¶ 6} We find that the trial court complied with the statutory mandates in sentencing appellant to a term of incarceration. R.C.2929.13(B) provides that in sentencing an offender for a felony of the fifth degree the sentencing court shall determine whether any of the enumerated factors in R.C. 2929.13(B)(1)(a)-(i) applies to a defendant. It further provides that a court shall impose a prison term upon the offender if the court makes a finding that one of the factors applies, after considering the seriousness and recidivism factors in R.C. 2929.12, finds that a prison term is consistent with R.C. 2929.11 and finds that the offender is not amenable to community control sanction. Furthermore, pursuant to R.C. 2929.19(B)(2)(a) a trial court must state its reasons on the record for imposing a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing.
 {¶ 7} A review of the record reveals that the trial court found that appellant had previously served a prison term, pursuant to R.C.2929.13(B)(1)(g). Therefore, the trial court was required to consider the seriousness and recidivism factors of R.C. 2929.12, whether a prison term is consistent with R.C. 2929.11, and whether appellant was amenable to community control sanctions.
 {¶ 8} Where the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence. State v. Tucker (Oct. 28, 1999), Cuyahoga App. No. 74950 (citations omitted). In this case, the presumption that the trial court considered the factors enumerated in R.C. 2929.12 is supported by the trial court's discussion regarding appellant's previous criminal record and high likelihood of recidivism. The trial court also considered whether a prison term was consistent with R.C. 2929.11 and specifically stated that it intended to impose a prison term in order to protect the public from future crime by appellant and to adequately punish him for his conduct. Despite appellant's contention to the contrary, the trial court engaged in a discussion regarding whether appellant was amenable to community control sanctions. Specifically, the court noted that appellant was granted community control in a previous case and failed to comply with its terms. It further noted just prior to order appellant's sentence:
 {¶ 9} "* * * I've considered the record in this case, in these cases, I've considered the pre-sentence investigation report, I have certainly considered your lawyer's very well-reasoned arguments on your behalf.
 {¶ 10} "Like I said, normally those are arguments that I'd accept and listen to but to me you've shown that you're not going to follow the community control conditions.
 {¶ 11} "Therefore, based on theses considerations, it is the order of this court * * *." (T. 30)
 {¶ 12} We find that appellant has failed to show by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. We therefore affirm the sentence imposed by the trial court.
Judgment affirmed.
Michael J. Corrigan, P.J., and Patricia Ann Blackmon, J., Concur.