JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Francisco Rodriguez ("Rodriguez"), appeals his conviction. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} In 2007, Rodriguez was indicted on two counts of felonious assault and one count each of aggravated murder, murder, and tampering with evidence, with each count containing a one-and three-year firearm specification. He was also charged with possessing criminal tools. In February 2008, he pled guilty to tampering with evidence and to murder with a three-year firearm specification. The trial court sentenced him to 18 years to life for murder and two years for tampering with evidence and ordered the sentences served consecutively.
 {¶ 3} Rodriguez appeals, raising one assignment of error arguing that the trial court erred in accepting his invalid plea.
 {¶ 4} First, we note that Rodriguez never moved to withdraw his guilty plea, either before or after sentencing. Second, a guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary plea. State v. Clay, Cuyahoga App. Nos. 89339-89341, 2008-Ohio-314. "`[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process,' precluding a criminal defendant from `rais[ing] independent claims relating to the deprivation of constitutional rights that occurred prior to the *Page 4 
entry of the guilty plea.'" State v. Spates, 64 Ohio St.3d 269, 272-273,1992-Ohio-130, 595 N.E.2d 351. (Citations omitted.)
 {¶ 5} A guilty plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim. R. 11 with respect to nonconstitutional notifications. State v. Nero
(1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 6} Crim. R. 11(C)(2) provides,
 "In felony cases the court may refuse to accept a plea of guilty ***, and shall not accept a plea of guilty *** without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty ***, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the *Page 5 
defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 7} Rodriguez argues that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court failed to inform or read to him the elements of the crime of murder, and the trial court failed to discuss with him any available affirmative defenses, i.e., self-defense.
 {¶ 8} We have said that courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v.Parker, Cuyahoga App. No. 82687, 2004-Ohio-2976, citing State v.Kavlich (June 15, 2000), Cuyahoga App. No. 77217; State v. Swift (1993),86 Ohio App.3d 407, 412, 621 N.E.2d 513, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410, 615 N.E.2d 1044.
 {¶ 9} In the instant case, Rodriguez entered into a plea bargain in which he agreed to plead guilty to reduced charges. Prior to accepting Rodriguez's guilty pleas, the trial court explained to him that by entering a guilty plea he was admitting guilt and that he would be waiving his right to a trial by jury, the right to confront witnesses, the right to compulsory process of witnesses, the right to be proven guilty beyond a reasonable doubt, and the right against self-incrimination.
 {¶ 10} The trial court also fully apprised Rodriguez of the range of the minimum and maximum penalties and the fines provided for each offense, the possibility of the *Page 6 
imposition of postrelease control, and the potential consequences for a violation of postrelease control. The trial court inquired whether Rodriguez had been threatened or promised anything in exchange for his plea, other than the dismissal or reduction of various counts in the indictment, and asked him if he was satisfied with his attorneys. Rodriguez indicated that he understood, and he never raised any issue regarding his plea.
 {¶ 11} The totality of the circumstances indicates that Rodriguez understood the charges against him. Contrary to Rodriguez's assertion, there is no evidence in the transcript that he did not understand the plea or was otherwise confused about the proceedings. Rodriguez fails to support his claim that a court must apprise a defendant of the possible affirmative defense such as self-defense, especially in the instant case where Rodriguez shot the victim four times. Based on these circumstances, we find that Rodriguez was aware of the nature of the charges to which he was pleading guilty and, thus, his plea was taken in compliance with Crim. R. 11.
 {¶ 12} Therefore, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 7 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1