**The STATE of Ohio, Appellee,**

**v.**

**KING, Appellant.**

[Cite as *State v. King,* 184 Ohio App.3d 226, 2009-Ohio-4551.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91909.

Decided Sept. 3, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James A. Gutierrez, Assistant Prosecuting Attorney, for appellee.

Paul Mancino Jr., for appellant.

---

LARRY A. JONES, Judge.

{¶ 1} Defendant-appellant, Karlene King, appeals her conviction and sentence. Finding some merit to the appeal, we affirm in part and reverse in part.

{¶ 2} In April 2001, King was charged in case No. CR–409062 with forgery, uttering, and possession of criminal tools. In June 2001, the trial court issued a capias for King's arrest. In October 2002, King, who was in prison for an unrelated matter, filed a notice of untried indictment and request to be returned from prison for disposition of her case, pursuant to R.C. 2941.401. The lower court case file shows that the trial court ordered King's return from prison. The record does not reflect, however, whether King was ever returned from prison. The next docket entry is an order dated January 23, 2006, stating that King's capias was still active. Thus, the record does not show what, if anything, happened in the case between October 2002 and January 2006.

{¶ 3} In January 2006, King was charged in case No. CR–474651 with identity fraud, receiving stolen property, misuse of credit cards, and obstructing official business. Service was sent to King's last known address but returned to the court unclaimed. On January 23, 2006, the court issued a capias for her arrest.

{¶ 4} In October 2006, King was charged in case No. CR–487580 with 21 counts of theft, two counts of identity fraud, two counts of possession of criminal tools, 28 counts of misuse of credit cards, and 28 counts of receiving stolen property. Again, the trial court issued a capias. King was finally arraigned on all three cases in October 2007 and entered pleas of not guilty.

{¶ 5} In May 2008, King pleaded guilty to the indictments in all three cases. The trial court sentenced her to a total of 17 years, 11 months in prison.[1]

{¶ 6} King now appeals, raising six assignments of error for our review. In the first assignment of error, King argues that she was denied due process because she was not timely notified of the pending charges. In the second assignment of error, King argues that she was not properly advised of postrelease control. In the third assignment of error, King argues that she was denied due process because the trial court failed to consider whether her offenses should be merged for the purposes of sentencing. In the fourth assignment of error, King argues that the trial court accepted her plea without determining whether she understood the ramifications of her federal parole. In the fifth assignment of error, King argues that the trial court arbitrarily sentenced her to 17½ years in prison. Finally, King argues that she was denied the effective assistance of trial counsel.

### Postindictment Delay

{¶ 7} In the first assignment of error, King claims that her due process rights and right to a speedy trial were violated because law-enforcement officials failed to exercise due diligence in notifying her of pending charges in CR–409062. Within this assignment of error, King also argues that she was denied a speedy trial in her other two cases.

{¶ 8} We first note that King failed to raise any of these issues with the trial court. A reviewing court's analysis is generally limited to reviewing issues raised on appeal solely for plain error or defects affecting a defendant's substantial rights pursuant to Crim.R. 52(B). *State v. Tisdale* (Dec. 17, 1998), Cuyahoga App. No. 74331, 1998 WL 895279. The plain-error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice. *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 227, 4 OBR 580, 448 N.E.2d 452. Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. Id.

{¶ 9} Secondly, King pleaded guilty to the indictments in all three cases. A defendant who pleads guilty is limited on appeal; generally, she may only attack the voluntary, knowing, and intelligent nature of the plea and may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea. See *State v. Sadowsky*, Cuyahoga App.

---

1. In the transcript, the trial court stated it was sentencing King to a total of "about seventeen and a half years in prison." The journal entry for CR–474651 states that the court imposed a sentence of 17 years for all three cases. The sentences as listed in the three journal entries, however, add up to 17 years and 11 months.

Nos. 90696 and 91796, 2009-Ohio-341, 2009 WL 205335; see also *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658; *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 47 O.O.2d 397, 248 N.E.2d 603; *State v. Salter*, Cuyahoga App. No. 82488, 2003-Ohio-5652, 2003 WL 22413518. Additionally, once a defendant enters a valid guilty plea, the defendant waives any right to challenge a conviction on statutory speedy-trial grounds. *Kelley*, at paragraph one of the syllabus.

{¶ 10} As discussed below under the second and fourth assignments of error, King's plea was voluntarily, knowingly, and intelligently made and therefore valid. Accordingly, because she entered a valid guilty plea, she has waived her right to raise a statutory speedy-trial violation. See *State v. Ennist*, Cuyahoga App. No. 90076, 2008-Ohio-5100, 2008 WL 4439105. That being said, the Ohio Supreme Court has held that a defendant who enters a guilty plea does not waive her constitutional right to a speedy trial. *State v. Branch* (1983), 9 Ohio App.3d 160, 162, 9 OBR 226, 458 N.E.2d 1287. Therefore, while a defendant who pleads guilty generally may not raise independent claims relating to the deprivation of her constitutional rights prior to entering her guilty plea, an exception to that general rule is created when a defendant claims that her constitutional speedy-trial rights were violated. Accordingly, we will review for plain error whether King's constitutional rights to a speedy trial were violated.

{¶ 11} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant a speedy trial by the state. *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Additionally, Section 10, Article I of the Ohio Constitution provides that all criminal defendants have a right to a speedy trial. The Constitutions do not specify any timeline required to ensure the protection of this right.

{¶ 12} R.C. 2945.71(C)(2) provides that a criminal defendant, charged with a felony, shall be brought to trial within 270 days of her arrest. R.C. 2945.72(A) extends that time when "the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability."

{¶ 13} The United States Supreme Court enunciated the test for a violation of a defendant's constitutional right to a speedy trial in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. In *Barker*, the court held that the test includes considering (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of her right to a speedy trial, and (4) the prejudice to the defendant. Id. at 530–532, 92 S.Ct. 2182, 33 L.Ed.2d 101; see also *State v. Triplett* (1997), 78 Ohio St.3d 566, 679 N.E.2d 290. The length of the delay is the "triggering mechanism" that determines the necessity of inquiry into the other

factors. *Barker* at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. Until there is some delay that is presumptively prejudicial, "there is no necessity for inquiry into the other factors that go into the balance." Id.

{¶ 14} King was indicted in CR–409062 in 2001, but was not arraigned until 2007. The state concedes that a delay of this length is presumptively prejudicial. As to the second prong of the *Barker* test, the state is unable to show any reason for such a lengthy delay as the trial prosecutor did not receive the case until after King's arraignment, and it is obvious from the lower court file that it was at least partially recreated from microfilm. At some point, King must have been informed of the outstanding indictment against her because she filed a notice of place of imprisonment and request for disposition pursuant to R.C. 2941.401 in October 2002.[2] A week later, the Cuyahoga County Court of Common Pleas ordered her returned from prison. The next entry in the record is dated January 23, 2006, and states that the capias issued in October 2002 remained active. We find that King properly asserted her right to a speedy trial and fulfilled the third prong of the *Barker* test at the time she filed notice pursuant to R.C. 2941.401.

{¶ 15} Insofar as prejudice to the defendant, although the state claims that King was not prejudiced because she pleaded guilty to the indictments in all three cases hoping to receive leniency at sentencing, and the case was a "paper" case that relied on hard evidence rather than witness testimony, we find that a six-and-one-half-year delay between indictment and arraignment, in a case such as this where the accused properly asserted her right to a speedy trial, is per se prejudicial.

{¶ 16} Therefore, we find that the trial court committed plain error by not dismissing CR–409062 for postindictment delay.

{¶ 17} King also argues that her speedy-trial rights were violated in her other two cases. We disagree. Again, King waived any claims that her statutory

---

2. {¶ a} R.C. 2941.401 provides:

{¶ b} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

speedy-trial rights were violated when she pleaded guilty, and we find no constitutional violation as to those two cases.

{¶ 18} Therefore, the first assignment of error is sustained as to case No. CR–409062, and her conviction and sentence in that case are ordered vacated. The assignment of error in relation to case Nos. CR–474651 and CR–487580 is overruled.

{¶ 19} Since we are vacating her plea and dismissing CR–409062 with prejudice, the remaining assignments of error as to that case are moot.

## Guilty Plea

{¶ 20} In the second and fourth assignments of error, King argues that the trial court did not comply with Crim.R. 11 in accepting her guilty pleas.

{¶ 21} Again, we review the instant case for plain error because King failed to challenge her guilty plea at the trial court. See *State v. Edwards*, Cuyahoga App. No. 85908, 2006-Ohio-2315, 2006 WL 1280945, citing *State v. Carmon* (Nov. 18, 1999), Cuyahoga App. No. 75377, 1999 WL 1044603 (holding that "the failure to file a Crim.R. 32.1 motion or otherwise challenge a guilty plea at the trial level constitutes waiver of the issue on appeal"). Moreover, as stated above, a guilty plea waives all appealable orders except for a challenge as to whether the defendant made a knowing, intelligent, and voluntary plea. *State v. Clay*, Cuyahoga App. Nos. 89339, 89340, and 89341, 2008-Ohio-314, 2008 WL 248799. " '[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process,' " precluding a criminal defendant from " 'rais[ing] independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' " *State v. Spates* (1992), 64 Ohio St.3d 269, 272–273, 595 N.E.2d 351, quoting *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. Thus, we review her claims solely for plain error.

{¶ 22} A guilty plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim.R. 11 with respect to nonconstitutional notifications. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of her plea and the rights she is waiving. Id.

{¶ 23} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 24} First, King argues that her guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to explain the elements of the offenses to her. We disagree.

{¶ 25} Courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. *State v. Swift* (1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513; *State v. Rodriguez*, Cuyahoga App. No. 91195, 2009-Ohio-958, 2009 WL 548406. There is nothing in this record to indicate that King did not understand the charges to which she pleaded guilty.

{¶ 26} King also argues that the trial court erred when it told her that she would be subject to "up to" three years of postrelease control. Crim.R. 11(C)(2) requires that the court personally address a defendant who enters a guilty plea and determine that the defendant is making the plea with an understanding of the maximum penalty involved. R.C. 2943.032(E) requires that prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding postrelease control sanctions in a reasonably thorough manner. *State v. Crosswhite*, Cuyahoga App. Nos. 86345 and 86346, 2006-Ohio-1081, 2006 WL 562166. " '[P]ost-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation [by the trial court] of post-release control, [a defendant cannot] fully understand the consequences of his plea as required by Crim.R. 11(C).' " *State v. Griffin*, Cuyahoga App. No. 83724, 2004-Ohio-4344, 2004 WL 1846121, ¶ 13, quoting *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, 2001 WL 605406, *2.

{¶ 27} We find that the trial court substantially complied with Crim.R. 11 in informing King of her maximum possible sentence when it informed her that she would be subject to up to three years of postrelease control.

{¶ 28} Finally, King claims that the court erred in failing to explain whether her federal parole or probation would be violated by her guilty pleas in state court. King fails to support this portion of her argument with any citation of authority or to otherwise show how it prejudiced her. Additionally, Crim.R. 11 does not require the trial court to inform King about any possible implications on her federal cases.

{¶ 29} King entered into a plea bargain in which she agreed to plead guilty to the indictment in all three cases. Prior to accepting King's guilty pleas, the trial court explained to her that by entering a guilty plea she was admitting guilt and would be waiving her right to a trial by jury, the right to confront witnesses, the right to compulsory process of witnesses, the right to be proven guilty beyond a reasonable doubt, and the right against self-incrimination.

{¶ 30} The trial court also fully apprised King of maximum penalties involved, the possibility of the imposition of postrelease control, and the potential consequences for a violation of postrelease control. The trial court then inquired whether King had been threatened or promised anything in exchange for her plea, and if she was satisfied with her attorney. King indicated that she understood and had no questions, and never raised any issue regarding her plea.

{¶ 31} The totality of the circumstances surrounding the plea indicates that King understood the charges against her. King fails to cite evidence in the transcript supporting her claim that she did not understand the plea or was otherwise confused about the proceedings. Based on these circumstances, in case Nos. CR–474651 and CR–487580, we find that King was aware of the nature of the charges to which she was pleading guilty, and thus her plea was taken in substantial compliance with Crim.R. 11. The second and fourth assignments of error are overruled.

## Merger

{¶ 32} In the third assignment of error, King argues that she was denied due process when the court failed to conduct a hearing into whether any of the offenses were of similar nature and should be merged pursuant to R.C. 2941.25.

{¶ 33} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 34} Again, since King pleaded guilty, she has waived the argument that certain counts should have merged. As mentioned above, King's plea can be invalidated only if she can show that her plea was not made knowingly, intelligently, or voluntarily; as we have previously determined, King has not met that burden. Accordingly, even if her plea may have contained allied offenses, that does not render her plea invalid. See *State v. Jackson,* Cuyahoga App. No. 86506, 2006-Ohio-3165, 2006 WL 1705133, ¶ 14. Moreover, she had not provided any evidence that any of the counts were allied offenses of similar import.

{¶ 35} Therefore, the third assignment of error is overruled.

### Sentencing

{¶ 36} In the fifth assignment of error, King argues that the trial court "arbitrarily" sentenced her.

{¶ 37} In reviewing felony sentences, appellate courts must apply a two-step approach. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4, 14, 18. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.

{¶ 38} First, although King did not raise the issue in her brief, we find that the trial court committed plain error in failing to sentence King in case No. CR–474651 on Counts 33, 35, 42, 47, and 56.

{¶ 39} Section 10, Article I of the Ohio Constitution and Crim.R. 32(A)(1) and 43(A) require that the defendant be present at every stage of criminal proceeding, including the imposition of sentence. See *State v. Welch* (1978), 53 Ohio St.2d 47, 7 O.O.3d 128, 372 N.E.2d 346. A trial court commits reversible error when it imposes a sentence upon a defendant without the defendant being present. Id. at 48, 7 O.O.3d 128, 372 N.E.2d 346; *State v. Waters,* Cuyahoga App. No. 85691, 2005-Ohio-5137, 2005 WL 2386477; *State v. Johnson,* Summit App. No. 21665, 2004-Ohio-1231, 2004 WL 509613. Further, Crim.R. 43(A) requires the physical presence of a defendant during sentencing. Because the trial court imposed sentence on Counts 33, 35, 42, 47, and 56 only through journal entry, King was not present when sentenced for those five counts. Therefore, the trial court deprived King of her right of allocution by imposing its sentence in her absence. See *State v. Pavone* (June 21, 1984), Cuyahoga App. No. 47700, 1984 WL 5098.

{¶ 40} Normally, in a case such as this where the trial court fails to pronounce sentence on each charge, we would dismiss the case for lack of a final,

appealable order. See, e.g., *Waters*. In this case, however, we remanded the case to the trial court, twice, so that the court could issue a proper journal entry in accordance with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.[3] Although the trial court eventually issued an order that mentioned every count to which King pleaded guilty, we still must find plain error with the trial court's failure to orally pronounce sentence on every count. That being said, the trial court's mistake does not require us to automatically send back the remaining two cases for resentencing. The Ohio Supreme Court has found that a trial court must separately assign a particular sentence to each offense. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. The record in this case demonstrates that the trial court complied with its statutory duties as to all but Counts 33, 35, 42, 47, and 56 of CR–474651. Only the sentence for those missing counts require another hearing. Id. at ¶ 17; *State v. Simmons*, Cuyahoga App. No. 89573, 2008-Ohio-1100, 2008 WL 661408. Thus, while the trial court must rectify the specific sentencing errors as to Counts 33, 35, 42, 47, and 56 in CR–474651, based on the Ohio Supreme Court's holding in *Saxon*, the trial court does not have authority to modify other aspects of King's sentences that were not subject to the assignments of error or for which we did not find plain error. See *Saxon*, at ¶ 10, 11, 19, 30.

{¶ 41} King also argues that it was improper for the trial court to arbitrarily sentence her to maximum and consecutive sentences. But post-*Foster*, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentence." *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, syllabus; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Because the sentences were within the statutory range for each crime, they were not improper.

{¶ 42} Next, King claims that the court did not consider R.C. 2929.11 and 2929.12 because the court did not say anything about the statutes on the record.[4]

---

3. In *Baker*, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus.

4. The *Kalish* court further found that although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11, which requires the trial court to consider the principles and purposes of sentencing, and R.C. 2929.12, which states that the court shall consider serious-ness and recidivism factors. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at

We have found, however, that where the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence. *State v. Dargon,* Cuyahoga App. No. 82918, 2003-Ohio-5826, 2003 WL 22456999, citing *State v. Tucker* (Oct. 28, 1999), Cuyahoga App. No. 74950, 1999 WL 980403.

{¶ 43} Therefore, we find that King's sentence was not contrary to law. Nor do we find anything in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, the trial court did not abuse its discretion in imposing consecutive sentences in these cases.

{¶ 44} We sustain the fifth assignment of error only to the extent that the trial court erred in failing to orally pronounce sentence in case No. CR–474651 on Counts 33, 35, 42, 47, and 56. We order that the sentences imposed on those counts be vacated.

### Ineffective Assistance of Trial Counsel

{¶ 45} Finally, King argues that her counsel was ineffective for failing to file a motion to dismiss based on a violation of her speedy-trial rights, for failing to argue for merger of various counts, and for not working out a plea deal that would allow King to plead guilty to fewer counts.

{¶ 46} An attorney is presumed to be competent and to perform his duties ethically and competently. *State v. Lytle* (1976), 48 Ohio St.2d 391, 396, 2 O.O.3d 495, 358 N.E.2d 623. To determine whether counsel's performance constitutes ineffective assistance, we must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. *Strickland v. Washington* (1984), 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 47} It is well established that a guilty plea waives a defendant's right to claim that he was prejudiced by the ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. *State v. Caldwell* (Aug. 13, 2001), Butler App. No. CA99–08–144, 2001 WL 908943, citing *Spates,* 64 Ohio St.3d 269, 595 N.E.2d 351. Thus, to prove a claim of ineffective assistance of counsel with a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203; *Caldwell.*

{¶ 48} Since we previously found that there was no evidence that any of the counts should have been merged and that King's constitutional rights to a speedy

¶ 5, 13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing *Mathis* at ¶ 38.

trial were not violated in CR–474651 and CR–487580, we do not find that her counsel was ineffective for failing to file motions to challenge those claims. As for King's decision to plead guilty to the indictment, we will not second guess trial counsel's advice to his client.

{¶ 49} Therefore, the sixth assignment of error is overruled.

{¶ 50} Accordingly, judgment is affirmed in part and reversed in part. Case No. CR–409062 is vacated, and the sentences imposed in case No. CR–487580 on Counts 33, 35, 42, 47, and 56 are vacated. Case No. CR–487580 is remanded for resentencing on Counts 33, 35, 42, 47, and 56.

Judgment accordingly.

Rocco, P.J., concurs with separate opinion.

Dyke, J., concurs in part and dissents in part with separate opinion.

Kenneth A. Rocco, Judge, concurring.

{¶ 51} I concur with the majority's decision but write separately to note my objection to this court's practice of remanding cases for the trial court to correct its judgment entry, supposedly to comply with the Supreme Court's holding in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 52} *Baker* holds that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker*, syllabus. "Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." *Baker*, at ¶ 18.

{¶ 53} A judgment entry that does not set forth the manner of conviction and the sentence for each offense is not necessarily defective; it does not require correction. Such a document simply is not a final order. We lack jurisdiction to consider an appeal from such an order. And we certainly lack the power to sua sponte order the trial court to mold its judgment to give us jurisdiction.

{¶ 54} We invited the sentencing error for which we are now remanding the case. Rather than pressuring the trial court to "comply" with *Baker*, we would have done well to have dismissed the case for lack of a final, appealable order.

Ann Dyke, Judge, concurring in part and dissenting in part.

{¶ 55} Although a majority of this court has declined to apply the decision of the United States Supreme Court in *Oregon v. Ice* (2009), —— U.S. ——, 129 S.Ct. 711, 172 L.Ed.2d 517, it must be noted that the *Ice* court upheld a judicial fact-finding statute similar to R.C. 2929.14 and called into question the court's

excision of R.C. 2929.14(E)(4) and 2929.19(B)(2) in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. I would apply the decision in *Oregon v. Ice* to the instant matter and find that the trial court erred in failing to consider R.C. 2929.14 prior to imposing maximum and consecutive sentences.