[Cite as *State v. Scahel*, 2014-Ohio-3042.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100705

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK SCAHEL

DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-05-463690 and CR-08-517978

**BEFORE:** Stewart, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEY FOR APPELLANT**

Michael J. O'Shea
Lipson O'Shea Legal Group
Beachcliff Market Square
19300 Detroit Road, Suite 202
Rocky River, OH    44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Justine Dionisopoulos
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In 2005 and 2008, the state charged defendant-appellant Mark Scahel in separate cases of criminal nonsupport. On both occasions, he failed to appear for arraignment and warrants were issued for his arrest. Scahel was twice arrested on those warrants: in 2011 in Washington and in 2012 in Oregon. On both occasions, Scahel refused to waive extradition and was released on bond. In 2013, he voluntarily surrendered himself in Ohio. He filed a motion to dismiss his indictments on speedy trial grounds. The court denied the motion to dismiss by applying a constitutional speedy trial analysis under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to find that the state took reasonable steps to extradite Scahel to Ohio by making an application for a governor's warrant of rendition, that Scahel's decision to remain a fugitive showed that he had no serious interest in the speedy prosecution of the charges against him, and that there was no evidence that the delay in prosecution resulted in any prejudice to him. Scahel then pleaded no contest to the charges. He appeals, arguing that the state's efforts at obtaining a governor's warrant did not amount to a reasonable effort at extradition.

{¶2} There are two separate speedy trial rights. The first speedy trial right is set forth in the Sixth Amendment to the United States Constitution. The amendment states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In *Barker*, the United States Supreme Court found that the constitutional right to

a speedy trial does not turn on defined time limitations, but on a broad balancing of relevant factors, including the length of the delay before trial, the reason for the delay, the vigor with which the defendant has asserted his speedy trial rights, and the degree of prejudice to the defendant. *Id*. at 530.

{¶3} The second speedy trial right is statutory and is set forth in R.C. 2945.71(C). That section states that a person against whom a felony charge is pending shall be brought to trial within 270 days.

{¶4} "Although the statutory and constitutional speedy trial provisions are coextensive, the constitutional guarantees may be found to be broader than speedy trial statutes in some circumstances." *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987). It is more accurate to say that the constitutional right to a speedy trial is both narrower and broader than the corresponding statutory right. The statutory speedy trial right may be viewed as granting greater protection to the accused because, unlike the constitutional guarantee of a speedy trial, the statute sets a definite time period in which trial must be held. In addition, the accused need not establish any prejudice to show a violation of the speedy trial statute. The constitutional right to a speedy trial is broader than the statutory right, however, because "it protects against prejudicial delay regardless of whether a defendant can show a violation of the [federal speedy trial] Act." *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir.2009), citing *United States v. Dessesaure*, 556 F.3d 83, 86 (1st Cir.2009) (per curiam). And unlike a statutory speedy trial claim in Ohio that is waived if not raised at, or prior to, the commencement of trial, *see State v.*

*Mock*, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶ 15 (7th Dist.), a constitutional claim can be reviewed for plain error even where it was not raised below. *Gearhart* at 462-463, citing *United States v. Oriedo*, 498 F.3d 593, 597, fn. 2 (7th Cir.2007). *See also State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 10 (8th Dist.).

{¶5} It is unclear why the court engaged in a constitutional speedy trial analysis — Scahel's motion for a speedy trial was premised solely on his statutory speedy trial rights under the Speedy Trial Act ("R.C. 2945.73 requires this Court to dismiss these two indictments when the provisions of R.C. 2945.71/2945.72 have been violated") and the provisions of the Uniform Criminal Extradition Act. *See* Motion to Dismiss at 7. In fact, Scahel's appellate brief likewise rests solely on statutory grounds. The state's brief in opposition to the motion to dismiss briefly cited *Barker* and the constitutional standard for speedy trial claims, but its appellate brief makes no constitutionally-based argument in support of the court's ruling on the motion to dismiss.

{¶6} Courts should avoid reaching constitutional issues if they can decide the case on nonconstitutional grounds. *In re Miller*, 63 Ohio St.3d 99, 110, 585 N.E.2d 396 (1992). Given that Scahel raised only a statutory speedy trial claim, the court should have limited its ruling on the motion to dismiss to the nonconstitutional grounds raised in the motion. The merits of those grounds must be considered by the court in the first instance. We therefore sustain the first assignment of error and remand with instructions for the court to address Scahel's statutory speedy trial claim.

{¶7} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.     A     certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR