[Cite as *Brook Park v. Wright*, 2018-Ohio-953.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105003**

# CITY OF BROOK PARK

PLAINTIFF-APPELLEE

vs.

# LISA M. WRIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 14 CRB 02076

**BEFORE:** Laster Mays, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

-i-

**ATTORNEY FOR APPELLANT**

Timothy R. Sterkel
1414 South Green Road, Suite 310
Cleveland, Ohio 44121


**ATTORNEYS FOR APPELLEE**

Carol Dillon Horvath
Lakewood Law Director
P.O. Box 42022
Brook Park, Ohio 44142

Peter A. Sackett
P.O. Box 771306
Lakewood, Ohio 44107

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Lisa M. Wright ("Wright") appeals her conviction and sentence and asks this court to vacate and remand to the trial court for further proceedings. We vacate and remand.

**{¶2}** Wright was found guilty of assault, a first-degree misdemeanor, in violation of the city of Brook Park Codified Ordinance 537.03(A). She was sentenced to one-year of basic probation, ordered to pay a $100 fine, ordered to perform ten hours of community service, and ordered to complete an anger management class.

## I. Facts

**{¶3}** On October 10, 2014, the city of Brook Park issued a misdemeanor citation form, ordinance complaint, and summons to Wright, charging her with assault. On November 19, 2014, Wright appeared in the Brook Park Mayor's Court, where she pleaded not guilty to assault. The case was transferred to Berea Municipal Court on November 25, 2014. The case was continued to February 2, 2015. At this time, Wright asked for a continuance because of a family emergency, and did not show for pretrial on February 2. The trial court issued a warrant because of the failure to appear. Once the trial court received Wright's request and her attorney's letter, the warrant was withdrawn on February 13, 2015. Wright's case was continued to March 23, 2015. The record is void of any information regarding why there was another continuance granted, and the case was continued to April 20, June 15, July 13, September 14,

October 5, and November 23, 2015. The case was continued again to February 8, February 22, May 9, and June 13, 2016. Finally, on June 13, 2016, a bench trial was held, and Wright was found guilty. Wright was sentenced on August 17, 2016.

{¶4} It is important to note that on April 28, 2016, between the February 22 and May 9 continuances, Wright filed a jury demand with the trial court that was denied for being untimely. As a result of the denial of the jury demand and the alleged violation of a speedy trial, Wright has filed this timely appeal arguing three assignments of error for our review.

{¶5} Wright's assignments of error are as follows:

I. The trial court committed error when it denied appellant's written jury demand and proceeded with a bench trial;

II. Appellant was denied her constitutionally guaranteed right to a speedy trial; and

III. Appellant was denied her right to effective assistance of counsel guaranteed to her by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

The second assignment of error is dispositive of the case, so we need not address the other two.[1] App.R. 12(A)(1)(c). The state did not file an opposing brief or appear at oral argument.

## II. Law and Analysis

{¶6} In Wright's second assignment of error, she argues that she was denied her

---

[1]At oral argument counsel for appellant withdrew assignment of error one and focused on assignment of error two.

constitutionally guaranteed right to a speedy trial. "When an appellate court reviews an allegation of a speedy trial violation, it 'should apply a de novo standard of review to the legal issues but afford great deference to any findings of fact made by the trial court.' *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17." *State v. Wyland*, 8th Dist. Cuyahoga No. 94463, 2011-Ohio-455, ¶ 36.

> When reviewing a speedy trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.71. *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, ¶ 15; *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶14-16, citing *State v. Barnett*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014, ¶ 7. If the state has violated a defendant's right to a speedy trial, then upon motion made at or prior to trial, the defendant "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.73(B); *State v. Torres*, 7th Dist. Jefferson Nos. 12 JE 30 and 12 JE 31, 2014-Ohio-3683, ¶ 18.

*State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 20.

**{¶7}** Ohio's General Assembly enacted R.C. 2945.71 to govern speedy trial time.

> Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
> * * *
>
> (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

R.C. 2945.71(B)(2).

**{¶8}** The record reveals that the appellant was originally cited on October 10, 2014, with a misdemeanor summons citation. The appellant did not appear in the Brook

Park Mayor's Court until November 19, 2014. It is important to recognize that R.C. 2945.71(B)(2) is applicable to courts of record.

**{¶9}** The appellant states that the city of Brook Park Mayor's Court violated her speedy trial rights. "A mayor's court is a court not of record and therefore R.C. 2945.71(A) governs the time within which a trial must be held." *Brooklyn v. Romano*, 8th Dist. Cuyahoga No. 78338, 2001 Ohio App. LEXIS 2878 (June 28, 2001).

> R.C. 2945.71(A) mandates that: [a] person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, *shall be brought to trial within thirty days after his arrest or service of summons*.

(Emphasis added). *Brecksville v. Cook*, 8th Dist. Cuyahoga No. 65766, 1994 Ohio App. LEXIS 3502 (Aug. 11, 1994).

**{¶10}** Crim.R. 45 governs the computation of time. It states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

Crim.R. 45(A).

**{¶11}** Wright received her summons on October 10, 2014, and Brook Park Mayor's Court had 30 days thereafter to bring Wright to trial. Brook Park Mayor's Court set Wright's trial date for October 22, 2014. The record is unclear as to why Wright's trial did not commence then. Brook Park Mayor's Court rescheduled Wright's

court date to November 5, 2014 and sent notice to Wright.   Again the record is void of an explanation as to why a trial did not commence on that day.   The trial date was rescheduled to November 19, 2014, which is more than 30 days after Wright received her original summons.   Per Crim.R. 45(A), time begins the day after the summons was given to Wright.   From October 11, 2014 until November 19, 2014, 39 days had lapsed.

{¶12} Wright did not raise the issue of her speedy trial rights in the trial court.

> As such, a reviewing court's analysis is generally limited to reviewing issues raised on appeal solely for plain error or defects affecting a defendant's substantial rights pursuant to Crim.R. 52(B). *State v. Tisdale*, 8th Dist. Cuyahoga No. 74331, 1998 Ohio App. LEXIS 6143 (Dec. 17, 1988). The plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice.   *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 227, 448 N.E.2d 452.   Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different.   *Id.*

*State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 8 (8th Dist.).

{¶13} We understand that   appellant did not file a motion to dismiss in the trial court based upon speedy trial violations pursuant to R.C. 2945.73.

> Generally, a defendant who fails to file such a motion to the text of the note has waived his statutory right to a speedy trial and is estopped from raising this defense on appeal. *State v. Talley*, 5th Dist. Richland No. 06 CA 93, 2007-Ohio-2902; *State v. Stoutemire* 8th Dist. Cuyahoga No. 49685, 1985 Ohio App. LEXIS 9009 (Oct. 24, 1985).   Nevertheless, courts have addressed the merits of such an argument despite the waiver.   *See, e.g., State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72; *State v. Starks*, 6th Dist. Lucas Nos. L-05-1417 and L-05-1419, 2007-Ohio-4897.

> Some cases, however, have also addressed the failure to file such a motion under a plain error standard. *See State v. Hinson*, 8th Dist. Cuyahoga No. 87132, 2006-Ohio-3831; *State v. Simms*, 10th Dist. Franklin Nos. 05AP-806 and 05AP-807, 2006-Ohio-2960 (appellant waived all but plain error on his statutory speedy trial claims); *State v. Burgess*, 11th Dist. Lake No.

2003-L-069, 2004-Ohio-4395 (trial counsel's failure to object waived review of the speedy trial claim absent plain error); *State v. Griffin*, 9th Dist. Medina No. 2440-M, 1995 Ohio App. LEXIS 5613 (Dec. 20, 1995). Plain error involves both alleged omissions of trial counsel and alleged error on the part of the trial court or in the trial proceedings. *State v. Nelson*, 2d Dist. Champaign No. 00CA12, 2001 Ohio App. LEXIS 975 (Mar. 9, 2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

*State v. Conkright*, 6th Dist. Lucas No. L-06-1107, 2007-Ohio-5315, ¶ 17 – 18.

**{¶14}** We find that to prevent a miscarriage of justice, the plain error doctrine must be invoked. *See State v. Hinson*, 8th Dist. Cuyahoga No. 87132, 2006-Ohio-3831, ¶ 12. Therefore, we find that the trial court committed plain error, and that Wright's outcome of the case would have been different, i.e. dismissal of the charges versus a finding of guilt.

**{¶15}** Hence,

[i]f a defendant's speedy trial rights are in fact violated, however, the appropriate remedy would be to reverse and vacate the conviction. Therefore, in our view, reviewing the failure to file a motion to dismiss pursuant to R.C. 2945.73 under a plain error standard allows us the discretion to address such a claim and provide the proper remedy when appropriate.

*Id.* at ¶ 20.

**{¶16}** Wright's second assignment of error is sustained. We need not address the remaining error per App.R. 12(A)(1)(c).

**{¶17}** Judgment vacated and remanded to the trial court to remove all collateral penalties associated with this charge.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR